**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH L. TEEPLES and<br>MAGGIE R. TEEPLES<br><br>*Plaintiffs,*<br><br>V.<br><br>JPMORGAN CHASE BANK, NA<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 4:12cv795<br>Judge Clark/Judge Mazzant |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On October 3, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant's Motion for Summary Judgment [Doc. #20] be granted [Doc. #26]. On October 17, 2013, Plaintiffs filed Objections to the Report and Recommendation of United States Magistrate Judge [Doc. #27]. On October 24, 2013, Defendant filed a response [Doc. #28]. On November 1, 2013, Plaintiffs filed a reply [Doc. #29]. On December 9, 2013, the Magistrate Judge entered an amended report [Doc. #30]. No objections were filed to the amended report. However, since the amended report only changed the objection language on page twenty-two, the court will consider the objections filed to the initial report.

The court notes that the Magistrate Judge prepared a detailed report and recommendation

that totaled twenty-two pages. After consideration of the briefing, the Magistrate Judge recommended granting of Defendant's motion. Plaintiffs' objections do not address their claims for violations of the Texas Property Code, breach of contract and anticipatory breach of contract, unjust enrichment, or unreasonable collection efforts. The court accepts the Magistrate Judge's findings that these claims should be dismissed and grants summary judgment on those claims without a *de novo* review.

Plaintiffs' first objection is that the economic loss doctrine does not bar Plaintiffs' negligent misrepresentation or Texas Debt Collection Practices Act ("TDCA") claims. Plaintiffs argue that they suffered injuries independent from any breach of contact, and provided ample evidence to show those damages. Plaintiffs argue that they suffered severe mental anguish and emotional distress. Plaintiffs also object to the dismissal of their TDCA claims on the basis of the economic loss doctrine.

A reading of the report does not demonstrate that the Magistrate Judge recommended dismissal of Plaintiffs' TDCA claims on the basis of the economic loss doctrine. The Magistrate Judge only recommended dismissal of Plaintiffs' negligent misrepresentation claim based upon this argument. As to the negligent misrepresentation claim, the Magistrate Judge did find that Plaintiffs cannot demonstrate that Defendant owed them a duty that was independent of the Note and Deed of Trust and that Plaintiffs' claims are dependent upon the existence of a contract. The Magistrate Judge also found that Plaintiffs failed to offer sufficient evidence of mental anguish.

The economic loss doctrine generally prevents plaintiffs from recovering in tort for alleged breach of a contractual duty. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 763 (N.D. Tex. 2012). Two factors determine whether the economic loss doctrine bars a

2

plaintiff's tort claims: the source of the duty and the nature of the plaintiff's injury. *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 573 (S.D. Tex. 2012).

The court agrees with the Magistrate Judge and Defendant that it is undisputed that the source of the alleged duty is contractual. Plaintiffs instead rely upon the alleged nature of their alleged injury, including alleged anxiety and distress. Plaintiffs testified that the anxiety and stress they suffered was caused by the burden of filling out modification paperwork, which is related to the contractual duties of the parties, and that Mr. Teeples temporarily took antidepressants to deal with Plaintiffs' overall "financial crisis," including, but not limited to, the foreclosure. Plaintiffs' purported mental anguish is characterized by, at most, a mere worry or vexation about the loan modification process. This is not sufficient evidence of mental anguish.

Even if there were evidence that Plaintiffs suffered mental anguish or emotional distress, Plaintiffs cannot avoid application of the economic loss rule. *See Blanche v. First Nationwide Mortg. Corp.*, 74 S.W.3d 444, 453 (Tex. App.–Dallas, 2002, no pet.). Even if mental anguish damages would defeat application of this rule, there is insufficient evidence to support their claim for these damages. Plaintiffs' summary judgment evidence does not reveal any injuries of such a shocking and disturbing nature that mental anguish was a highly foreseeable result. Plaintiffs cannot avoid the economic loss doctrine by alleging, but not proving, extra-contractual injuries.

The Magistrate Judge addressed the economic loss doctrine in a separate section and then later addressed the negligent misrepresentation claim. The Magistrate Judge found that the statements made to Plaintiffs were not actionable misrepresentations and that there was insufficient evidence of reliance when Plaintiffs were not capable of reinstating the loan.

Plaintiffs object, asserting that Defendants' representations were relied upon in anticipation of a loan modification. Plaintiffs assert that they sufficiently pleaded a claim for negliegent misrepresentation.

Plaintiffs' argument is misplaced as the report does not relate to a pleading standard but rather a summary judgment standard. The factual assertions in the objections are that (1) Defendant misled Plaintiffs by leading them to believe that they would qualify for a loan modification; (2) Defendant promised not to foreclose while a loan modification application was pending; (3) Defendant charged improper late fees; (4) an employee of Defendant made false representations that caused Plaintiffs not to file bankruptcy; and (5) Defendant did not follow FHA guidelines. Defendant asserts that all of the allegations, however, are disproved by the undisputed evidence. The court agrees. Plaintiffs have failed to offer sufficient summary judgment evidence to demonstrate actionable representations. Furthermore, the economic loss doctrine would also bar this claim.

The Magistrate Judge also found that Plaintiffs' TDCA claims should also be dismissed. Plaintiffs first assert that they have sufficiently pleaded facts to support claims under the TDCA. Plaintiffs rely upon a Northern District of Texas case for support of their TDCA claim, asserting that a claim can survive if the bank misleads a party by informing the party that he qualified for a loan modification. In this case, Plaintiffs assert that they trusted Defendant and did everything that Defendant instructed them to do, but they were misguided, and that Defendant said that Defendant would not foreclose during the loan modification process. Plaintiffs also assert that they did not pursue bankruptcy based upon Defendant's representations.

Plaintiffs' first argument is misplaced as the report does not relate to a pleading standard

but rather a summary judgment standard. The Magistrate Judge noted in his report that Defendant's response to Plaintiffs' TDCA's claim was extremely weak. The court agrees, and Defendant's response to the objections on this point is almost non-existent. Despite Defendant's weak response to Plaintiffs' argument, the Magistrate Judge found that Plaintiffs offered no evidence that Defendant did anything that was false or deceptive in attempting to collect the debt, or threatened an action prohibited by law. The court agrees. The Deed of Trust provides Defendant with a contractual right to foreclose on the property in the event of a default. Representations related to a loan modification do not constitute an attempt to collect a debt. Mr. Teeples acknowledged that the late fees and penalties charged by Defendant were all in compliance with the terns of the Note and Deed of Trust.

The evidence in this case is clear that Plaintiffs were never promised that they qualified for a loan modification. Instead, the summary judgment record demonstrates that Plaintiffs were denied on multiple occasions. The fact that Defendant encouraged Plaintiffs to apply for a loan modification is not a violation of the TDCA. The fact that Plaintiffs were repeatedly denied a loan modification and filed additional applications is also not a violation of the TDCA. There is no evidence that Defendant induced Plaintiffs to remain in default. Mr. Teeples also testified that he has little understanding of bankruptcy, and upon consulting with an attorney could likely have decided not to file bankruptcy for some other reason. Mrs. Teeples testified that the only ways Defendant acted unreasonably were by not being more helpful and contacting Plaintiffs sooner.

Based on an October 29, 2012 unpublished opinion in *Neaville v. Wells Fargo Bank, N.A.*, No. 3:11–CV–97–P, Plaintiffs contend that the court incorrectly determined that statements made by Defendant regarding a loan modification cannot constitute representations or

5

misrepresentations for purposes of the TDCA. Plaintiffs' reliance on *Neaville* is also misplaced, as the facts and evidence in this case are distinguishable from those in *Neaville*. According to the court's opinion in that case, "Neaville has provided evidence that Wells Fargo misled him by informing him that he qualified for a loan modification." *Neaville*, Doc. 52 at 13. Unlike *Neaville*, there is no evidence in this case, inadmissible or otherwise, that Plaintiffs were ever informed by Defendant that they had qualified for a loan modification after they defaulted. The court agrees that Defendant is entitled to summary judgment on Plaintiffs' TDCA claim.

Plaintiffs next object to the dismissal of their suit to quiet title and trespass to try title claims. Plaintiffs argue that the mere fact that Defendant purchased the property at the foreclosure sale does not grant it superior title, relying upon their TDCA claims. Since Plaintiffs have abandoned their contractual claims and property code violations, even if Plaintiffs had been successful on their TDCA claims, they fail to assert how their entitlement to monetary damages would entitle them to recision of the foreclosure. Moreover, Plaintiffs' TDCA claims have no merit. The objections are overruled.

Finally, Plaintiffs object to the dismissal of their claims for declaratory and other equitable relief. Since the Magistrate Judge determined that there were no viable claims against Defendant, and the court agrees, there is no basis for a declaratory relief or other equitable relief.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Plaintiff [Doc. #27], the response [Doc. #28], and the reply [Doc. #29], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment [Doc. #20]

is **GRANTED** and Plaintiffs' case is **DISMISSED** with prejudice.

.        So **ORDERED** and **SIGNED** this **2**   day of **February, 2014.**

_____
Ron Clark, United States District Judge